UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE RODGERS,

    Plaintiff,

v.                                                                    CASE NO: 8:10-CV-263-T-27MAP

TIME CUSTOMER SERVICE, INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Magistrate Judge's Report and Recommendation (Dkt. 28), which recommends that Defendant's Motion for Summary Judgment (Dkt. 19) be granted. Plaintiff has filed objections to the Report and Recommendation (Dkt. 29), and Defendant has responded to Plaintiff's objections (Dkt. 30). Upon consideration of the Report and Recommendation and Plaintiff's objections, and having conducted an independent examination of the file, the Court is of the opinion that the Report and Recommendation (Dkt. 28) should be adopted, confirmed, and approved in all respects.

### Discussion

Plaintiff is entitled to *de novo* review of any "portions of the report or specified proposed findings or recommendations" to which he has made a specific objection. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). Plaintiff raises two principal objections. Neither has merit.

First, Plaintiff argues that Defendant failed to accommodate his request for a leave of absence until he was able to obtain a motorized scooter or wheelchair. Plaintiff contends that he did not request leave for an indefinite period because he actually received the motorized scooter four days after his termination. The Magistrate rejected this argument, observing that at the time of his request,

Plaintiff did not "offer a time frame within which he thought he might obtain a motorized scooter or even that, if he obtained a motorized scooter, he could return to work within a definitive period of time." (Dkt. 28, R&R at 14). This is well supported by the record.

At his deposition, Plaintiff testified:

> Q. They wanted you to come back to work and you said you couldn't; right?
>
> A. I told them that at that point in time I couldn't get from Point A to B, but I had an electric chair ordered. So if they would have taken one of my other offers, which was, you know, in a matter of time, hopefully I'll be able to get from Point A to B and be able to return to work.
>
> . . .
>
> Q. In the communication with human resources, you never told them that you had a motorized wheelchair that you expected to have at the end of November, did you?
>
> A. I didn't know when I would get it.
>
> Q. Okay.
>
> A. I knew it was in the process and if they'd give me a time to let me heal, I could potentially return. . . .

(Dkt. 23-1, Rodgers Dep. at 237). Plaintiff's deposition testimony fails to demonstrate that he provided any specific time frame in which he would obtain the motorized wheelchair. Nor does it show that he stated, in unequivocal terms, when (or even if) he would be able to return to work after receiving the motorized wheelchair. Accordingly, Plaintiff has not pointed to any record evidence showing that he would have been able to perform his job duties with the requested accommodation "in the present or in the immediate future." *Wood v. Green*, 323 F.3d 1309, 1314 (11th Cir. 2003).

Second, Plaintiff argues that there are fact issues precluding summary judgment on his claim for worker's compensation retaliation under Fla. Stat. § 440.205. Specifically, Plaintiff contends that

there is sufficient evidence of a causal connection between his petition for workers' compensation benefits and Defendant treating his failure to report to work as a voluntary resignation. Plaintiff relies on an email between Defendant's employees which referred to the "legal part of this," as well as the temporal proximity between the filing of his petition and his constructive resignation.

The Magistrate found this evidence insufficient to support a retaliation claim. The Court agrees. The email did not discuss or reference Plaintiff's legal proceedings or workers' compensation benefits in general but instead simply addressed questions regarding open enrollment. The email therefore fails to demonstrate the required causal connection.

As for temporal proximity, Plaintiff initiated his workers' compensation claim in May 2007, long before his constructive resignation. He continued to receive medical treatment covered under workers' compensation for the next six months. His temporal proximity argument, however, is based on a workers' compensation petition which he submitted on October 19, 2007. But Plaintiff has not demonstrated a causal connection between the filing of this petition and his constructive resignation more than five weeks later. Temporal proximity is insufficient to establish a prima facie case of retaliation where, as here, a plaintiff has effectively abandoned his job. *Borja v. Hines Nurseries, Inc.*, 172 F. App'x 927, 929 (11th Cir. 2006). Plaintiff disputes that he abandoned the position, arguing that he attempted to return to work but was unable. However, the undisputed evidence shows that the medical documentation Plaintiff provided to his employer failed to substantiate his claim that he had been unable to return to work since September 2007. Nor did that documentation demonstrate that he could not return to work on November 27, 2007, the date of his constructive resignation.

In any event, Plaintiff failed to object to the Magistrate's determination that Defendant had a legitimate non-retaliatory reason for considering his failure to report to work as a voluntary resignation. (*See* R&R at 20 n.8). Nor did he raise any objection to the Magistrate's determination

that Plaintiff failed to make any showing of pretext. *See Borja*, 172 F. App'x at 928, n.1 (burden-shifting approach from Title VII retaliation cases applies in Florida workers' compensation retaliation cases, including requirement to show defendant's legitimate non-retaliatory reasons were pretextual) (citing *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950-51 (11th Cir.2000)).

## Conclusion

Accordingly, the Report and Recommendation (Dkt. 28) is ADOPTED, CONFIRMED, and APPROVED and is made part of this order for all purposes, including appellate review.

(1)   Defendant's motion for summary judgment (Dkt. 19) is GRANTED.

(2)   The clerk is directed to ENTER JUDGMENT in favor of Defendant and to CLOSE this case.

(3)   All pending motions, if any, are denied as moot.

**DONE AND ORDERED** this 31st day of May, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record